IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| **NIAGARA TRANSFORMER CORP.,** | § § | |
| Plaintiff/Counter-defendant, | § § | |
| v. | § § | Case No.: 8:11-cv-03415-DKC |
| **BALDWIN TECHNOLOGIES, INC.,** | § § | |
| Defendant/Counter-plaintiff. | § § | |

## ANSWER TO COUNTERCLAIM

Plaintiff/Counter-defendant Niagara Transformer Corp. ("Niagara"), through its undersigned counsel, and for its Answer to the Counterclaim filed by Defendant/Counter-plaintiff Baldwin Technologies, Inc. ("BTI"), states as follows:

### PARTIES

1. Niagara admits the allegations of paragraph 1.

2. Niagara admits the allegations of paragraph 2.

### JURISDICTION AND VENUE

3. Paragraph 3 consists of legal conclusions to which no response is required.

4. Paragraph 4 consists of legal conclusions to which no response is required.

### FACTS COMMON TO ALL COUNTS

5. The allegations of paragraph 5 refer to a contract and delivery order, the contents of which speak for themselves. To the extent the allegations in paragraph 5 differ from the contents of the referenced documents, Niagara denies the same and demands strict proof thereof.

6. The allegations of paragraph 6 refer to a delivery order, the content of which speaks for itself. To the extent the allegations in paragraph 6 differ from the contents of the referenced document, Niagara denies the same and demands strict proof thereof.

7. The allegations of paragraph 7 refer to a purchase order, the content of which speaks for itself. To the extent the allegations in paragraph 7 differ from the contents of the referenced document, Niagara denies the same and demands strict proof thereof.

8. The allegations of paragraph 8 refer to a purchase order, the content of which speaks for itself. To the extent the allegations in paragraph 8 differ from the contents of the referenced document, Niagara denies the same and demands strict proof thereof.

9. Niagara admits that the equipment was not delivered by the referenced date, but further states that delivery was neither promised nor required by that date.

10. Niagara denies the allegations of paragraph 10.

11. Niagara denies the allegations of paragraph 11.

12. Niagara denies the allegations of paragraph 12.

13. Niagara admits that it delivered equipment ordered by BTI on or about December 18, 2006.

14. Niagara lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14. Accordingly, Niagara denies the same and demands strict proof thereof.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, Niagara denies the allegations and demands strict proof thereof.

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is required, Niagara denies the allegations and demands strict proof thereof.

17. Niagara lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17. Accordingly, Niagara denies the same and demands strict proof thereof.

18. Niagara lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18. Accordingly, Niagara denies the same and demands strict proof thereof.

## COUNT I – BREACH OF CONTRACT

19. Niagara incorporates by reference herein its responses to the allegations of paragraphs 1 through 18.

20. Niagara admits that it had a contract with BTI, which BTI breached.

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is required, Niagara denies the allegations and demands strict proof thereof.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is required, Niagara denies the allegations and demands strict proof thereof.

WHEREFORE, Niagara requests that this Court enter judgment in its favor and against BTI on its Counterclaim, award Niagara its costs, and provide such other and further relief as this Court deems proper.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim upon which relief can be granted.

2. The Counterclaim is barred by estoppel.

3. The Counterclaim is barred by laches.

4. The Counterclaim is barred by the statute of limitations.

5. The Counterclaim is barred by waiver.

6. The Counterclaim is barred by acceptance.

Niagara reserves the right to assert any affirmative defense made necessary or appropriate by discovery.

>Respectfully submitted,
>
>TOBIN, O'CONNOR & EWING
>
>By: /s/ Ziad P. Haddad_____
>David C. Tobin, Esq., Bar No. 03727
>dctobin@tobinoconnor.com
>Ziad P. Haddad, Esq., Bar No. 14638
>zphaddad@tobinoconnor.com
>5335 Wisconsin Avenue, N.W., Suite 700
>Washington, D.C.  20015
>Tel:  (202) 362-5900
>Fax:  (202) 362-6579
>*Counsel for Plaintiff Niagara Transformer Corp.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of January, 2012, a true and correct copy of the foregoing was served by the Court's electronic filing system on:

Robert B. Scarlett, Esq.
Andrew M. Cross, Esq.
Scarlett & Croll, P.A.
201 North Charles Street, Suite 600
Baltimore, Maryland  21201

>/s/ Ziad P. Haddad_____
>Ziad P. Haddad