IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NIAGARA TRANSFORMER CORPORATION :
:
:
v. : Civil Action No. DKC 11-3415
:
BALDWIN TECHNOLOGIES, INC. :
:

**MEMORANDUM OPINION**

Plaintiff Niagara Transformer Corporation ("Niagara") filed this lawsuit against Defendant Baldwin Technologies, Inc. ("BTI") on November 28, 2011, asserting a single breach of contract claim based on BTI's alleged failure to pay the contract price for goods sold and delivered. (ECF No. 1). On December 29, 2011, BTI answered and filed a breach of contract counterclaim based on Niagara's alleged failure to deliver the equipment in a timely manner. (ECF No. 6). On September 13, 2012, Niagara moved for summary judgment on both its breach of contract claim and BTI's counterclaim. (ECF No. 21). In the Memorandum Opinion and Order entered on June 12, 2013, Niagara's motion was granted, and judgment was entered in favor of Niagara in the amount of $130,781.00, plus interest of $150,724.21. (ECF Nos. 24 & 25). Among other findings, the Memorandum Opinion concluded that Niagara is entitled to an award of its reasonable attorneys' fees incurred in prosecuting this action

by virtue of a provision in a credit application signed by BTI stating that "[c]ustomer agrees to pay reasonable collection and attorney costs for any past due amounts that are placed for collection." (ECF No. 24, at 25-27).

Now pending is Niagara's bill of costs (ECF No. 26) and motion for attorneys' fees (ECF No. 29). BTI has not opposed either request. For the reasons that follow, Niagara will be awarded $60,262.50 in attorneys' fees; $3,409.16 in costs; and $980.44 in reimbursable expenses.

I. Attorneys' Fees

Under New York law, when a contract provides for an award of attorneys' fees, it is generally appropriate to award "whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2$^d$ Cir. 1987) (citing *Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 38 N.Y.2d 516, 524 (1976)); *see also Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2$^d$ Cir. 1992) (observing that "reasonableness is the touchstone for fixing an award of fees pursuant to contract").[1] "A variety of factors informs the

---

[1] In its motion, Niagara cites to the Maryland standard for ascertaining the reasonableness of a contractually required fee award. (ECF No. 29-1, at 5). Previously, however, the court held that New York's version of the Uniform Commercial Code governs the parties' dispute. (ECF No. 24, at 11-14). In light

2

court's determination of whether a requested amount of attorneys' fees is reasonable or unreasonable, including 'the difficulty of the questions involved; the skill required to handle the problem; the time and labor required; the lawyer's experience, ability and reputation; the customary fee charged by the Bar for similar services; and the amount involved.'" *F.H. Krear*, 810 F.2d at 1263 (quoting *In re Schaich's Estate*, 391 N.Y.S.2d 135, 136 (N.Y.App.Div. 1977)). Additionally, "it is appropriate for a court to consider the amount of fees requested in relation to the amount of damages at stake in the litigation." *Olympus Imaging Am. Inc. v. Reifschneider S.A.*, No. 10-CV-4516, 2011 WL 2490596, at *2 (E.D.N.Y. June 22, 2011).

The party seeking an award of fees bears the burden of producing contemporaneous records detailing the nature of the

---

of this ruling, New York law will be applied here. In any event, Maryland and New York courts apply similar factors in determining the reasonableness of a contractual attorneys' fee award. *See, e.g.*, *SunTrust Bank v. Goldman*, 201 Md.App. 390, 401 (2011) (explaining that reasonableness is governed by the factors set forth in Rule 1.5 of the Maryland Rules of Professional Conduct, which include (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the lawyer's acceptance of the particular employment will preclude other employment; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances;(6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorneys lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent).

work performed, the need for the work, and the time expended. *F.H. Krear*, 810 F.2d at 1265. The moving party also bears the burden of submitting proof as to the "customary fee charged for similar services by lawyers in the community with like experience and of comparable reputation to those by whom the prevailing party was represented"; counsel's "own self-serving statements," without more, are generally insufficient. *Gamache v. Steinhaus*, 776 N.Y.S.2d 310, 311-12 (N.Y.App.Div. 2004) (internal quotation marks omitted).

Here, Niagara requests attorneys' fees in the amount of $64,738.75. The bulk of this request ($60,601.25) relates to fees charged to Niagara by the Washington, D.C.-based law firm of Tobin, O'Connor & Ewing, its litigation counsel. The remainder ($4,317.50) relates to legal services provided to Niagara by Harter Secrest & Emery LLP, a firm based in Rochester, New York.

With respect to the number of hours expended, Niagara submits detailed billing records from both firms reflecting a total of 186.05 hours. (ECF No. 29-2, at 5-14). The hours are broken down as follows: 45.1 for case development, background investigation, and case administration; 11.55 for pleadings; 34.00 for written discovery; 21.00 for depositions; 70.90 for

motions practice; and 3.50 for court hearings. (*See id.*).[2]
These billing records do not reflect any unnecessary or
duplicative work. Additionally, the amount of time expended is
commensurate with the complexity of the issues presented in this
case, which involved a somewhat complicated factual record and a
number of distinct legal issues.

To support the reasonableness of the hourly rates charged
by Tobin, O'Connor & Ewing, Niagara submits the declaration of
David C. Tobin, Esq. (ECF No. 29-2, at 1-14, Tobin Decl.). The
declaration reflects that Niagara was charged $425.00 per hour
for Mr. Tobin's time, which is his ordinary and customary rate
for commercial litigation services and reasonable in light of
his 28 years of experience. (*Id.* ¶¶ 5—7). Mr. Tobin also
represents that he was assisted on this case by Ziad Haddad,
Esq., an attorney with 14 years of experience, and that Niagara
was charged $375.00 per hour for Mr. Haddad's time, which is his
ordinary and customary rate for commercial litigation cases.
(*Id.* ¶¶ 5, 8).

In further support of litigation counsel's hourly rates,
Niagara offers the declaration of Charles M. Asmar, Esq., a
partner with the Washington, D.C.-based firm of Asmar, Schor &

---

[2] Niagara is not seeking any fees in connection with the preparation of its fee petition, nor would such fees be permissible under New York law. See *F.H. Krear*, 810 F.2d at 1266-67.

5

McKenna PLLC, who has appeared in more than 10 cases in this court over the past 15 years. (ECF No. 29-2, at 15-16, Asmar Decl.). Mr. Asmar attests that he is "familiar with hourly rates charged by attorneys for litigation matters in Washington, D.C., as well as with the rates charged by [his] firm in connection with work performed in the District of Maryland." (*Id.* ¶ 4). Mr. Asmar also avers that he is familiar with Mr. Tobin's and Mr. Haddad's experience and reputation by virtue of working in the same office building, and represents that Mr. Tobin's rate of $425.00 per hour and Mr. Haddad's rate of $375.00 per hour are both "well within the range of reasonable and customary rates" for attorneys in Washington, D.C., with comparable experience. (*Id.* ¶¶ 6-7).

Niagara concedes that Mr. Tobin's and Mr. Haddad's rates exceed the high end of the ranges suggested in Appendix B to the Local Rules for attorneys with their respective experience levels. Specifically, Mr. Tobin's hourly rate exceeds the high end of the applicable range by $25.00, while Mr. Haddad's rate exceeds the high end of the applicable range by $75.00. Mr. Tobin maintains, however, that the "effective" hourly rates charged by his firm to Niagara – *i.e.*, the rate calculated after accounting for the write-offs the firm voluntarily took to keep their overall charges reasonable – were approximately $362.00

for Mr. Tobin and $342.00 for Mr. Haddad. (ECF No. 29-2, Tobin Decl. ¶ 12).

With respect to the rates charged by Harter Secrest & Emery LLP, Mr. Tobin attests that Niagara was charged between $355.00 and $395.00 for the time of Peter H. Abdella, a Rochester attorney with 25 years of experience, and between $220.00 and $235.00 per hour for the time of F. Paul Green, another Rochester attorney with 8 years of experience. (ECF No. 29-2, Tobin Decl. ¶¶ 9-10). Mr. Tobin also avers that these rates are Mr. Abdella's and Mr. Green's customary rates and are in line with the rates of attorneys in the Rochester community with comparable experience. (*Id.* ¶ 11). In its motion, Niagara also observes that the rates charged by Harter Secrest & Emery fall within the guidelines set forth in Appendix B to the Local Rules. (ECF No. 29-1, at 3 n.2).

The evidence offered by Niagara to support its proposed hourly rates would normally be insufficient. As Niagara acknowledges (ECF No. 29-1, at 2), the relevant community for determining the reasonableness of an hourly rate is not Washington, D.C., but the area encompassed by the District of Maryland. It is well-established that the hourly rates charged by litigation attorneys in Washington, D.C., do not serve as a "reliable indicator of the hourly rates of litigation attorneys" in the suburbs of Washington, D.C. *Robinson v. Equifax Info.*

7

*Servs., LLC*, 560 F.3d 235, 245 (4th Cir. 2009) (internal quotation marks omitted). Accordingly, because Mr. Asmar avers only that litigation counsel's rates are typical of those charged in Washington, D.C., his declaration is not a reliable indicator of the rates charged by litigation attorneys in the District of Maryland.

When Mr. Asmar's declaration is disregarded, the only evidence regarding the reasonableness of the proposed rates is Mr. Tobin's own declaration and the guidance provided by Appendix B. An attorney's own affidavit is generally insufficient on its own to establish the reasonableness of an hourly rate, *see Gamache*, 776 N.Y.S.2d at 311-12, and the Appendix B guidelines are just that: guidelines. Nonetheless, because BTI did not file any opposition to Niagara's request, the hourly rates proposed by Niagara will be used with two modifications. First, consistent with the Appendix B guidelines, Mr. Haddad's hourly rate will be adjusted downwards to $300.00 per hour. Second, Mr. Tobin's rate will be adjusted downwards to $400.00 per hour, the higher end of the range suggested by Appendix B. These decreases result in an overall reduction of $4,476.25.

As adjusted, the fee request of $60,262.50 is reasonable in light of both the total damages actually awarded to Niagara (in excess of $281,000) and the damages sought by BTI in connection

8

with its counterclaim (in excess of $1.3 million). Accordingly, Niagara's unopposed motion for attorneys' fees will be granted in part and denied in part.

**II. Bill of Costs & Out-of-Pocket Expenses**

In its bill of costs, Niagara seeks the following: (1) $350.00 for filing fees; (2) $205.00 for fees associated with serving BTI with process; (3) $955.00 for fees associated with serving several third parties with subpoenas for the production of relevant documents; (4) $858.50 for fees incurred to produce the deposition transcript of BTI President Mark Baldwin, portions of which were used in support of Niagara's summary judgment motion; and (5) $1,040.66 for fees incurred to copy documents produced by BTI, some of which were used in Niagara's dispositive motion. (ECF No. 26-2, Tobin Decl. ¶¶ 4-7). Niagara seeks these costs as a prevailing party pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d). (ECF No. 26-1, at 1). Consistent with Local Rule 109.1, Niagara also submits a supporting memorandum (ECF No. 26-1), a declaration of verification by Mr. Tobin (ECF No. 26-2, at 1-2), and supporting documentation for each requested item (ECF No. 26-2, at 3-13). All of these fees are taxable as costs under the Local Rules and therefore are appropriately awarded. *See* Clerk's Office Guidelines for Bills of Costs § II (3$^d$ ed. June 2013), *available*

*at* http://www.mdd.uscourts.gov/publications/forms/BillofCosts Guidelines.pdf.

In its motion for attorneys' fees, Niagara also requests reimbursable expenses in the amount of $980.44, consisting of: (1) $55.55 in postage and express delivery charges; and (2) $924.89 for fees incurred in photocopying certain documents produced by a third party in response to a subpoena. Mr. Tobin represents that these costs "were all actually incurred in connection with the litigation of this matter" (ECF No. 29-2, Tobin Decl. ¶ 15) and submits a detailed itemization of the expenses (ECF No. 29-2, at 11).

These out-of-pocket expenses appear to be reasonable and, pursuant to the credit application signed by BTI, are compensable as "reasonable collection . . . costs." (ECF No. 21-2, Ex. 7, at 2); *see also, e.g.*, *Amerisource Corp. v. Rx USA Int'l Inc.*, No. 02-cv-2514, 2010 WL 2160017, at *14 (E.D.N.Y. May 26, 2010) (in a case where the contract allowed the plaintiff to recover "court costs incurred in collecting the past balance due," the court awarded reasonable postage and photocopying costs); *Brigiotta's Farmland Produce & Garden Ctr., Inc. v. Przykuta, Inc.*, No. 05-cv-273, 2006 WL 3240729, at *9 (W.D.N.Y. July 13, 2006) (in a case where the contract allowed the plaintiff to recover "all collection costs," the court

awarded, *inter alia*, photocopying and postage fees billed to the plaintiff by its attorneys).

In sum, Niagara will be awarded $60,262.50 in attorneys' fees; $3,409.16 in costs; and $980.44 in reimbursable expenses. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge